*442 OPINION.
James:
The taxpayer contends that when he withdrew from the partnership of William A. Read & Co., and was paid his proportion of the agreed value of the good will of that firm in 1919, he was the recipient of capital only, and not of income. The Commissioner has determined the deficiency apparently upon the theory that the taxpayer at all times owned a 5 per cent interest in the good will and by receiving a 10 per cent payment upon withdrawal, received a taxable profit of this extra 5 per cent, or $30,000.
The facts show, however, that the taxpayer acquired his interest in the good will owned by him at the time of his retirement by reason of the dissolution of the former partnership resulting from the death of William A. Read. The good will transferred in this manner was capital. It represented a capital asset, the transfer of which in contemplation of New York law, was one intended to take effect at death, and as such, taxable under the provisions of the New York State transfer tax (In re Orvis Estate, 223 N. Y. 1, 119 N. E. 88). At the time of the death of William A. Read the taxpayer *443 acquired a 10 per cent interest in the good will of the partnership. He disposed of a 10 per cent interest. The position of the Commissioner can not be sustained on this ground.
But if the interest disposed of exceeded in value the interest received, the difference may be a gain or profit. The Commissioner has denied that the good will acquired by the surviving partners in 1916 had a then value of $600,000. Certain profit and loss statements have been introduced in evidence to prove a value in 1916 of at least $600,000. But in our opinion the most persuasive evidence of the value of the good will in 1916 is contained in the agreement between the surviving partners, made in September, 1916, and quoted above. Here eight partners were determining among themselves the value of this good will as a basis of settling any future arrangements among them. The value they fixed would determine the sum any one of them would receive on retirement,- or his estate upon his death. It would determine the sum which those remaining or surviving would pay. All were intimately connected with the business and all were under the most compelling motives to fix what was in the judgment of all them the correct value of the good will at that time, only five months after the date they had acquired it. They fixed $600,000 as that value.
Under these circumstances the withdrawal by the taxpayer of $60,-000 in 1919, representing his proportion of the value of the good will acquired by him in 1916, did not give rise to income. The sum so received was capital when he received it and capital when it was withdrawn. The deficiency determined by the Commissioner is erroneous and must be disallowed.